UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

OSVALDO ALFONSO,

          Plaintiff,

-vs-                                      Case No.  5:13-cv-411-Oc-10PRL

RESOURCE CENTERS, LLC,
JONATHAN SCOTT BAUR, and
MARGARET ADCOCK,

          Defendants.
_____/

## ORDER DISMISSING CASE
## FOR LACK OF SUBJECT MATTER JURISDICTION

On August 26, 2013, Plaintiff Osvaldo Alfonso, proceeding *pro se*, filed a Complaint entitled "Statement of Claims Demand for Payment" against Defendants Resource Centers, LLC, Jonathan Scott Baur, and Margaret Adcock (Doc. 1).  Mr. Alfonso filed an Amended Complaint against these Defendants on December 5, 2013 (Doc. 10).  It is not clear from either pleading, but it appears that Mr. Alfonso is claiming that the Defendants unlawfully withheld portions of his pension benefits.

The case is now before the Court on the Defendants' Motion to Transfer Venue and Motion to Dismiss With Prejudice (Doc. 15), and the Defendants' Renewed Motion to Transfer and Dismiss or Alternatively, Request for Status Hearing (Doc. 23).  Mr. Osvaldo has filed an untimely response to both motions (Doc. 24).  Upon due

consideration, the Court finds that this case shall be dismissed *sua sponte* for lack of subject matter jurisdiction.

## **Background Facts and Procedural History**

Mr. Alfonso's original Complaint (Doc. 1) is both spare in its allegations and confusing in its legal theories. Mr. Alfonso states that he is a "fully vested participant of the "Sunrise General Employees' Retirement Fund," and that he is claiming his vested accrued benefits, plus interest, federal and state penalties, punitive damages, and attorney's fees and costs. Mr. Alfonso also mentions a state court case in Broward County, Case No. CACE 11-011587(09), which involved at least Defendant Margaret Adcock. Mr. Alfonso alleges that he voluntarily dismissed that case on February 13, 2012. In addition to these allegations, Mr. Alfonso attached to his Complaint, without explanation, a few documents that appear to relate to his pension account, as well as citations to the Fourteenth Amendment, various federal statutes, and several state and federal cases. (Doc. 1, pp. 2-10).

On the same date that he filed his Complaint, Mr. Alfonso also moved for leave to proceed *in forma pauperis* (Doc. 2). On November 25, 2013, the Magistrate Judge deferred ruling on the motion, and directed Mr. Alfonso to file an amended complaint on or before December 9, 2013 (Doc. 7). The Magistrate Judge found that even liberally construing Mr. Alfonso's allegations, his Complaint failed to state a claim upon

which relief may be granted. The Magistrate Judge directed Mr. Alfonso that if he chose to file an amended complaint, he

> must clearly state the legal theory or theories upon which he seeks relief and explain how each defendant is responsible. In doing so, Plaintiff should include specific allegations as to how each of the defendants allegedly violated his rights and the specific nature of the violations. In the amended complaint, Plaintiff should not in any way refer to the original complaint. The amended complaint will completely replace the original complaint, which thereafter will be disregarded. . . .

(Doc. 7, p. 3). The Magistrate Judge also directed Mr. Alfonso to refrain from effecting service of any amended pleadings until instructed to do so. (Id.).

On December 5, 2013, Mr. Alfonso filed his Amended Complaint (Doc. 10), along with an amended affidavit of indigency (Doc. 11). The Amended Complaint consists of 66 pages; however 63 pages are copies of the entire text of 26 U.S.C. § 401, Fla. Stat. §§ 175.361 and 185.37, and the Age Discrimination and Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), as well as a copy of the Supreme Court's decision in Central Laborers' Pension Fund v. Heinz, 541 U.S. 739, 124 S. Ct. 2230 (2004). (Doc. 10, pp. 4-66).

The remainder of the Amended Complaint consists of a few vague allegations. First, Mr. Alfonso alleges that "I am fully vested and my accrued benefits are being withheld without my consent. The plan administrator failed to fully comply with the regulatory requirements contained in 26 U.S.C. § 401." (Doc. 10, p. 2). Next, he alleges that he has been discriminated against in violation of the ADEA because "[t]he plan administrator and my former employer the City of Sunrise discriminated against

me by unlawfully withholding my protected benefits because of not attaining their required age." (Id.). Mr. Alfonso alleges that the discrimination occurred on May 4, 2004, that he filed a charge with the Equal Employment Opportunity Commission ("EEOC") on August 5, 2013, and that he received a Notice of Right to Sue letter on August 14, 2013. (Id., pp. 2-3).

On December 9, 2013, Mr. Alfonso filed a document entitled "Motion to Clarify and Complete Initial Complaint" (Doc. 12). The document is not a motion, but rather consists of copies of documents that appear to relate to his pension account, as well as a copy of his original complaint (Id.). On December 13, 2013, Mr. Alfonso filed another supplement to his Amended Complaint (Doc. 13), consisting of a copy of his August 5, 2013 charge filed with the EEOC, and the EEOC's August 14, 2013 notice of right to sue letter. The notice of right to sue letter states that the EEOC closed Mr. Alfonso's case because "Your charge is not timely filed with the EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." (Doc. 13, p. 1).[1]

---

[1] Although the EEOC charge and notice of right to sue letter were not attached to Mr. Alfonso's Amended Complaint, he clearly references them and the documents are central to his claim as exhaustion of administrative remedies is a condition precedent to pursuing an ADEA claim. As such, the documents are incorporated by reference into the Amended Complaint, and can be considered without converting the motion to dismiss into a motion for summary judgment. See Brooks v. Blue Cross & Blue Shield of Florida, Inc, 116 F.3d 1364, 1369 (11th Cir. 1997). Moreover, the Court is authorized to look at any filings in the case to determine if subject matter jurisdiction exists. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

On December 31, 2013, the Magistrate Judge again deferred ruling on Mr. Alfonso's motion for leave to proceed *in forma pauperis*, and gave Mr. Alfonso one final opportunity to file an affidavit of indigency (Doc. 14). That same day, the Defendants filed their motion to transfer venue and motion to dismiss with prejudice (Doc. 15).

Mr. Alfonso filed his amended affidavit on January 7, 2014 (Doc. 16), and on January 27, 2014, the Magistrate Judge granted his motion for leave to proceed *in forma pauperis* (Doc. 17). In that Order, the Magistrate Judge held that Mr. Alfonso was raising two claims in his Amended Complaint – a claim under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1056, 1132, ("ERISA") and the ADEA (Id.). Return of service was executed on all three Defendants on March 4, 2014 (Docs. 20-22), and on March 25, 2014, the Defendants filed their renewed motion to transfer venue and to dismiss (Doc. 23). Mr. Alfonso filed a response to the Defendants' motions on June 10, 2014 (Doc. 24), and the Defendants, with leave of Court, filed a reply on July 3, 2014 (Doc. 27).

## Discussion

The Defendants argue that venue is not proper in this Court as all of the Defendants reside in Palm Beach County (Docs. 20-22), and all of the events that form the basis of Mr. Alfonso's claims took place in Sunrise, Florida, which is located in Broward County. The Defendants therefore ask that the case be transferred to the Southern District of Florida. Once the case is transferred, the Defendants further ask

that this case be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  In response, Mr. Alfonso attempts to argue the merits of his claims that the Defendants have unlawfully withheld his fully vested pension benefits, and argues that if this case is transferred or dismissed "it would just make this more difficult to resolve." (Doc. 24).   He does not dispute any of the other arguments in either of the Defendants' motions concerning venue or the lack of legal support for his claims.

The Court need not consider the Defendants' motions concerning venue any further because the Court has *sua sponte* reviewed Mr. Alfonso's Amended Complaint and finds that it lacks subject matter jurisdiction over this case.  Therefore, the case must dismissed.  See Fed. R. Civ. P. 12(h)(3); Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking."); University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (same); Guevara v. Republic of Peru, 468 F.3d 1289, 1305 (11th Cir. 2006) ("If the court finds that it does not have subject matter jurisdiction, 'the court's sole remaining act is to dismiss the case for lack of jurisdiction.'") (quoting Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000); Allstate Ins. Co. v. Electrolux Home Products, Inc., 2014 WL 4249831 at * 3 (N.D. Ohio Aug. 27, 2014) ("[B]efore the Court determines whether venue is proper, it must first determine whether it has subject matter jurisdiction over the claims.").

A review of the case readily shows that the only basis for this Court's subject matter jurisdiction is federal question jurisdiction under 28 U.S.C. § 1331. Diversity jurisdiction does not exist because all of the Defendants and the Plaintiff reside in Florida. See Docs. 1, 10, 16, 20-22. And the Court finds that each of Mr. Alfonso's purported federal claims are plainly unsubstantial, devoid of any merit, and utterly frivolous. See Hagans v. Lavine, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 1378-79 (1974) (The Supreme Court "has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion."). See also Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of the complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

Under the most liberal of readings, see Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008), Mr. Alfonso's Amended Complaint asserts three legal bases for his purported claims for relief: (1) violations of the regulatory requirements of 26 U.S.C. § 401; (2) denial of benefits under ERISA; and (3) discrimination under the ADEA. He has not alleged any claims under any state statutory or common law. None of these claims have any legal support, and are completely devoid of any merit.

Title 26 U.S.C. § 401 of the Internal Revenue Code provides the requirements for an employer's deferred compensation stock bonus, pension, or profit-sharing plan to qualify as a trust and receive special income tax treatment by the IRS.  It does not provide a private cause of action.  See e.g. Brengettsy v. LTV Steel (Republic) Hourly Pension Plan, 241 F.3d 609, 612 (7th Cir. 2001); Stamper v. Total Petroleum, Inc. Retirement Plan, 188 F.3d 1233, 1238 (10th Cir. 1999); Abraham v. Exxon Corp., 85 F.3d 1126, 1131 (5th Cir. 1996); Crawford v. Roane, 53 F.3d 750, 756 (6th Cir. 1995). See also Perlman v. Fidelity Brokerage Services, LLC, 932 F. Supp. 2d 397, 413-14 (E.D.N.Y. 2013) ("To the extent plaintiff attempts to bring a claim under the [Internal Revenue Code], that claim must fail, as plaintiff has no private right of action under the [Code].").

Mr. Alfonso's attempts to assert a claim under ERISA also fail.  Mr. Alfonso alleges that he was a participant in the Sunrise General Employees Pension Plan by virtue of his employment with the City of Sunrise. (Docs. 10, 13).  The Sunrise General Employees Pension Plan was created by municipal ordinance, see Sunrise, Fla. Municipal Code § 11-2, and therefore qualifies as a "governmental plan" as defined by ERISA, 29 U.S.C. § 1002(32).  ERISA does not apply to governmental plans.  29 U.S.C. § 1003(b)(1).  Therefore, any claims by Mr. Alfonso that the plan, or its plan

administrator, or any entities or persons involved in the administration of the plan, violated any provisions of ERISA are totally implausible and devoid of merit.[2]

Lastly, Mr. Alfonso seeks to assert a claim of age discrimination under the ADEA. Putting aside for the moment that he has not alleged any facts to support any of the elements of a claim for age discrimination, it is clear on the face of the Amended Complaint that this claim is untimely in the extreme. The ADEA requires that a plaintiff exhaust all available administrative remedies prior to filing a lawsuit. Bost v. Fed. Express Corp., 372 F.3d 1233, 1238 (11th Cir. 2004). No civil action can be filed until 60 days after a charge of discrimination is filed with the EEOC, and the charge must be filed within 180 days after the allegedly unlawful practice. 29 U.S.C. § 626(d)(1). Because Florida is a deferral state, this 180-day time limit is extended to 300 days. Bost, 372 F.3d at 1238. If the EEOC issues a right to sue letter, the employee must file a complaint within 90 days of receipt of the letter. Id.

Mr. Alfonso alleges in his Amended Complaint that any alleged discrimination took place on May 4, 2004 (Doc. 10, p. 2). He further alleges that he did not file any charges with the EEOC until August 5, 2013 – more than nine years after the alleged discrimination. Thus, on the face of the Amended Complaint it is clear that his ADEA

---

[2]Mr. Alfonso does not allege in his Amended Complaint the identity of any of the Defendants or their relationship to any of Mr. Alfonso's purported claims. The Defendants, however, have stated that Resource Centers, LLC is the third-party administrator for the Sunrise General Employees Retirement Fund, Jonathan S. Baur is the managing member of Resources Centers, LLC, and Margaret Adcock is an employee. (Doc. 15, p. 2).

claim is time-barred and cannot go forward. See Leach v. State Farm Mut. Auto. Ins. Co., 431 Fed. Appx. 771, 775 (11th Cir. May 27, 2011).[3] In addition, the EEOC's notice of right to sue letter was mailed to Mr. Alfonso on August 14, 2013. However, Mr. Alfonso did not assert any claims under the ADEA in this Court until December 5, 2013, nearly four months later, after the 90-day time period had expired.

In sum, none of Mr. Alfonso's claims have any basis in any federal statute or federal common law. He does not have a private right of action under 26 U.S.C. § 401, his pension plan is exempt from ERISA, and his ADEA claim is patently untimely. The Court has previously afforded Mr. Alfonso an opportunity to amend his claims, and provided him with detailed instructions concerning what he must allege in order to assert viable claims (Doc. 7). Mr. Alfonso has failed to do so. Instead, he has alleged three claims that are without any legal merit. Under such circumstances, this Court lacks subject matter jurisdiction to consider the case any further. See Household Bank v. JFS Group, 320 F.3d 1249, 1254 (11th Cir. 2003) ("The dismissal of a federal-question claim for lack of subject-matter jurisdiction is 'justified only if that claim were so attenuated and unsubstantial as to be absolutely devoid of merit, or frivolous.'") (quoting Baker v. Carr, 369 U.S. 186, 199, 82 S. Ct. 691 (1962)); Davis v. Cluet,

---

[3]Mr. Alfonso alleges that he was not aware of the ADEA until a few weeks before he filed his original Complaint. (Doc. 10, p. 3). This allegation of lack of knowledge does not demonstrate that Mr. Alfonso exercised due diligence in pursuing this claim during the applicable limitations period, and is not sufficient to warrant equitable tolling of the filing requirements for more than nine years. See Arrington v. United Parcel Service, 384 Fed. Appx. 851, 852 (11th Cir. June 10, 2010).

Peabody & Co., 667 F.2d 1371, 1372 n. 7 (11th Cir. 1982) ("Dismissal for want of jurisdiction is appropriate only if the federal claim is frivolous or a mere matter of form.") (quotations omitted). Cf. Cotton v. Burgess, 188 Fed. Appx. 964 (11th Cir. July 12, 2006) (dismissing 42 U.S.C. § 1983 case for lack of jurisdiction where there were no allegations in the complaint that even resembled a constitutional violation, and the claims were deemed frivolous).

The Court is ever mindful of the "important distinction between lack of subject matter jurisdiction and the failure to state a claim upon which relief can be granted." Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1351 (11th Cir. 1998). However, this case clearly falls within the former category as Mr. Alfonso's claims in his Amended Complaint are frivolous and completely unsubstantiated.[4] See Choon v. Department of Veterans, 2009 WL 1490658 (N.D. Fla. May 21, 2009) (dismissing case *sua sponte* for lack of subject matter jurisdiction, rather than transfer case to proper venue, where *pro se* plaintiff did not allege a timely claim under the Federal Tort Claims Act). In addition, the Court finds that there are no set of facts which Mr. Alfonso could allege – particularly in light of the fact that he has already been given an opportunity to file an amended pleading – which would create jurisdiction in this Court under any

---

[4]Even if this Court had subject matter jurisdiction over this case, dismissal would still be appropriate, even before addressing the motions to transfer venue. See 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted.").

of the legal theories asserted. Therefore, the Court will not give Mr. Alfonso leave to further amend his claims.

## Conclusion

Having found that the Court lacks subject matter jurisdiction over this case, and pursuant to Fed. R. Civ. P. 12(h)(3), the Clerk is directed to enter judgment dismissing this case without prejudice for lack of subject matter jurisdiction. See Georgia Advocacy Office, Inc. v. Camp, 172 F.3d 1294, 1299 (11th Cir. 1999); Crotwell v. Hockman-Lewis Ltd., 734 F.2d 767, 769 (11th Cir. 1984) (both holding that dismissals for lack of subject matter jurisdiction are without prejudice because the court has no power to render a judgment on the merits). The Clerk is further directed to terminate all other pending motions and to close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 18th day of September, 2014.

*[signature]*
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya McSheehy
             Osvaldo Alfonso, *pro se*